**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112193

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| Samantha Grude, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Integrated Recovery Services, Inc., United Debt Holding, LLC, and Angela Kennedy<br><br>Defendants. | Docket No:<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Samantha Grude, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Integrated Recovery Services, Inc., United Debt Holding, LLC, and Angela Kennedy (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of Colorado.

## PARTIES

5. Samantha Grude is an individual who is a citizen of the State of Oklahoma in Pottawatomie County, Oklahoma.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Integrated Recovery Services, Inc., is a New York Corporation with a principal place of business in Erie County, New York.

8. On information and belief, Defendant United Debt Holding, LLC, is a Colorado Limited Liability Company with a principal place of business in Douglas County, Colorado.

9. On information and belief, Defendant Angela Kennedy is a natural person and resident of the State of New York, in Erie County, New York.

10. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12. Defendants allege Plaintiff owes certain debts ("the debts").

13. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14. Sometime after the incurrence of the debts Plaintiff fell behind on payments owed.

15. Thereafter, at an exact time known only to Defendants, the debts were assigned or otherwise transferred to Defendants for collection.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

2

17. 15 U.S.C. § 1692g(a)(3) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

18. Defendants' initial communication to Plaintiff was on or about August 4, 2016.

19. Defendants failed to provide Plaintiff the 15 U.S.C. § 1692g(a)(3) disclosure within 5 days of the initial communication.

20. Defendants violated 15 U.S.C. § 1692g(a)(3) by their failure to provide the information required by that Section.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

23. Defendants' initial communication to Plaintiff was on or about August 4, 2016.

24. Defendants failed to provide Plaintiff the 15 U.S.C. § 1692g(a)(4) disclosure within 5 days of the initial communication.

25. Defendants violated 15 U.S.C. § 1692g(a)(4) by their failure to provide the information required by that Section.

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Defendants' initial communication to Plaintiff was on or about August 4, 2016.

29. Defendants failed to provide Plaintiff the 15 U.S.C. § 1692g(a)(5) disclosure within 5 days of the initial communication.

30. Defendants violated 15 U.S.C. § 1692g(a)(5) by their failure to provide the information required by that Section.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692c(b)

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

32. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33. On numerous times, beginning on or about August 4, 2016, Angela Kennedy, an employee of Defendants, contacted Plaintiff's mother about the debt.

34. On numerous times, beginning on or about August 4, 2016, Angela Kennedy, an employee of Defendants, disclosed information about Plaintiff's debt to Plaintiff's mother.

35. Plaintiff did not give Defendants prior consent to discuss Plaintiff's financial affairs with Plaintiff's mother.

36. Defendants' conduct violates 15 U.S.C. § 1692c(b).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692c(b)

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

39. On numerous times, beginning on or about August 4, 2016, Angela Kennedy, an employee of Defendants, contacted Plaintiff's father about the debt.

40. On numerous times, beginning on or about August 4, 2016, Angela Kennedy, an employee of Defendants, disclosed information about Plaintiff's debt to Plaintiff's father.

41. Plaintiff did not give Defendants prior consent to discuss Plaintiff's financial affairs with Plaintiff's father.

42. Defendants' conduct violates 15 U.S.C. § 1692c(b).

### SIXTH COUNT
### Violation of 15 U.S.C. § 1692c(b)

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

45. On numerous times, beginning on or about August 4, 2016, Angela Kennedy, an employee of Defendants, contacted Plaintiff's employer about the debt.

46. On numerous times, beginning on or about August 4, 2016, Angela Kennedy, an employee of Defendants, disclosed information about Plaintiff's debt to Plaintiff's employer.

47. Plaintiff did not give Defendants prior consent to discuss Plaintiff's financial affairs with Plaintiff's employer.

48. Defendants' conduct violates 15 U.S.C. § 1692c(b).

BARSHAY | SANDERS_PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### SEVENTH COUNT
### Violation of 15 U.S.C. § 1692c(a)(1)

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692c(a)(1) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

51. 15 U.S.C. § 1692c(a)(1) provides that in the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

52. On or about August 4, 2016, Defendants initiated communication by telephone to Plaintiff at 7 o'clock antemeridian at Plaintiff's location.

53. Defendants' conduct violates 15 U.S.C. § 1692c(a)(1).

### EIGHTH COUNT
### Violation of 15 U.S.C. § 1692c(a)(3)

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692c(a)(3) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

56. On or about August 4, 2016, Defendants initiated communication by telephone to Plaintiff's place of employment.

57. Despite multiple requests from Plaintiff's employer to refrain from making further calls to it, Defendants continued to call Plaintiff's place of employment about the debt.

58. Defendants' conduct violates 15 U.S.C. § 1692c(a)(3).

### NINTH COUNT
### Violation of 15 U.S.C. § 1692b(2)

59. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

60. 15 U.S.C. § 1692b(2) provides that any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt.

61. On numerous times, beginning on or about August 4, 2016, Angela Kennedy, an employee of Defendants, contacted Plaintiff's place of employment and told Plaintiff's employer that Plaintiff owes a debt.

62. Defendants' conduct violates 15 U.S.C. § 1692b(2).

## TENTH COUNT
### Violation of 15 U.S.C. § 1692b(3)

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. 15 U.S.C. § 1692b(3) provides that any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

65. On numerous times, subsequent to August 4, 2016, Angela Kennedy, an employee of Defendants, contacted Plaintiff's place of employment.

66. On numerous times, subsequent to August 4, 2016, Angela Kennedy, an employee of Defendants, contacted Plaintiff's place of employment, without being requested to do so.

67. Defendants' conduct violates 15 U.S.C. § 1692b(3).

## ELEVENTH COUNT
### Violation of 15 U.S.C. § 1692e(2)(A)

68. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

69. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

70. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

7

71. On or about August 8, 2016, Angela Kennedy, an employee of Defendants, told Plaintiff's employer that Defendants were seeking to garnish Plaintiff's wages in connection with the debt.

72. Defendants' statement was false.

73. Defendants' statement was a false representation of the character of the debt.

74. Defendants' statement was a false representation of the legal status of the debt.

75. Defendants' conduct violates 15 U.S.C. § 1692e(2)(A).

### TWELFTH COUNT
### Violation of 15 U.S.C. § 1692e(4)

76. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

77. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

78. 15 U.S.C. § 1692e(4) prohibits the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

79. On or about August 8, 2016, Angela Kennedy, an employee of Defendants, told Plaintiff's employer that Defendants were seeking to garnish Plaintiff's wages in connection with the debt.

80. Defendants' statement was false.

81. Defendants' statement was a representation that nonpayment of any debt would result in garnishment of Plaintiff's wages.

82. Defendants' statement was a representation that nonpayment of any debt would result in garnishment of Plaintiff's wages, despite such action being unlawful.

83. Defendants' statement was a representation that nonpayment of any debt would result in garnishment of Plaintiff's wages, despite Defendants' lack of ability to take such action.

84. Defendants' statement was a representation that nonpayment of any debt would result in garnishment of Plaintiff's wages, despite Defendants' lack of intent to take such action.

85. Defendants' conduct violates 15 U.S.C. § 1692e(4).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## THIRTEENTH COUNT
### Violation of 15 U.S.C. § 1692e(5)

86. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

88. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

89. On or about August 8, 2016, Angela Kennedy, an employee of Defendants, told Plaintiff's employer that Defendants were seeking to garnish Plaintiff's wages in connection with the debt.

90. Defendants' statement was false.

91. Defendants' statement was a threat to take action that could not legally be taken.

92. Defendants' statement was a threat to take action that was not intended to be taken.

93. Defendants' conduct violates 15 U.S.C. § 1692e(5).

## FOURTEENTH COUNT
### Violation of 15 U.S.C. § 1692e(10)

94. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

95. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

96. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

97. On or about August 8, 2016, Angela Kennedy, an employee of Defendants, told Plaintiff's employer that Defendants needed Plaintiff's telephone number in connection with their intent to garnish Plaintiff's wages.

98. Defendants' statement was false.

99. Defendants' statement was a false representation made by Defendants to collect or attempt to collect the debt.

100. Defendants' statement was a false representation made by Defendants to obtain information concerning a Plaintiff.

9

101. Defendants' statement was a deceptive means made by Defendants to collect or attempt to collect the debt.

102. Defendants' statement was a deceptive means made by Defendants to obtain information concerning a Plaintiff.

103. Defendants' conduct violates 15 U.S.C. § 1692e(10).

**FIFTEENTH COUNT**
**Violation of 15 U.S.C. § 1692d(2)**

104. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

105. 15 U.S.C. § 1692d provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

106. 15 U.S.C. § 1692d(2) provides that a debt collector may not use obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in connection with a debt.

107. On or about August 8, 2016, and on multiple dates thereafter, Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and stated Plaintiff's mother is "a terrible mother."

108. On or about August 8, 2016, and on multiple dates thereafter, Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and stated Plaintiff needed to "put on her big girl pants."

109. On or about August 8, 2016, and on multiple dates thereafter, Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and stated that Plaintiff's mother did a poor job of raising Plaintiff.

110. On or about August 8, 2016, and on multiple dates thereafter, Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and stated that she was calling from a "pre-legal" office.

111. On or about August 8, 2016, and on multiple dates thereafter, Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and used vulgar language, the natural consequence of which is to abuse the hearer or reader in connection with a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

112. On or about August 8, 2016, and on multiple dates thereafter, Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and used offensive language, the natural consequence of which is to abuse the hearer or reader in connection with a debt.

113. On or about August 8, 2016, and on multiple dates thereafter, Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and used oppressive language, the natural consequence of which is to abuse the hearer or reader in connection with a debt.

114. On or about August 8, 2016, and on multiple dates thereafter, Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and used abusive language, the natural consequence of which is to abuse the hearer or reader in connection with a debt.

115. Defendants' conduct violates 15 U.S.C. § 1692d(2).

## SIXTEENTH COUNT
## Violation of 15 U.S.C. § 1692d(5)

116. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

117. 15 U.S.C. § 1692d provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

118. 15 U.S.C. § 1692d(5) provides that a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

119. Angela Kennedy, an employee of Defendants, telephoned Plaintiff and Plaintiff's mother and Plaintiff's father despite previous requests to cease doing so.

120. The natural consequences of Defendants' conduct were to harass, oppress, and/or abuse Plaintiff and her family.

121. Defendants' conduct violates 15 U.S.C. § 1692d(5).

## CLASS ALLEGATIONS

122. Plaintiff brings this action individually and as a class action on behalf of all

BARSHAY | SANDERS<sub>PLLC</sub>
100 Garden City Plaza, Suite 500
Garden City, New York 11530

persons similarly situated in the State of Oklahoma from whom Defendants attempted to collect a consumer debt using the same unlawful means described herein, from one year before the date of this Complaint to the present.

123. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

124. Defendants regularly engage in debt collection, using the same unlawful conduct described herein, in their attempts to collect delinquent consumer debts from other persons.

125. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using the same unlawful conduct described herein.

126. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

127. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

128. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## **JURY DEMAND**

129. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.  Certify this action as a class action; and

b.  Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel; and

c.  Find that Defendants' actions violate the FDCPA; and

d.  Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.  Grant damages against Defendants for Plaintiff's actual damages, including severe emotional distress, embarrassment, humiliation, fear, anxiety, lost time and loss of sleep, etc., against all Defendants; and

f.  Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

g.  Grant Plaintiffs' costs; together with

h.  Such other relief that the Court determines is just and proper.

DATED: January 17, 2017

        **BARSHAY SANDERS, PLLC**

        By:   *s/ Craig B. Sanders*
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 112193