# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-00227-RM-KMT

Samantha Grude, and
Bonnie Grude,

　　*Plaintiffs*,

　　*v.*

Integrated Recovery Services, Inc.,
United Debt Holding, LLC, and
Angela Kennedy,

　　*Defendants*.

---

# **ORDER**

---

　　This action alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). It is before the Court on Plaintiffs' Response (ECF No. 47) to the Court's Order to Show Cause (ECF No. 46) why (1) Defendant Angela Kennedy should not be dismissed without prejudice because of Plaintiffs' failure to timely serve her with process; and (2) Defendant Integrated Recovery Services, Inc. ("Integrated Recovery") should not be dismissed without prejudice for lack of personal jurisdiction. Because Plaintiffs do not oppose dismissal of Kennedy, the Court looks only to the second question.

　　The Court set forth the relevant background in its earlier order. (*See* ECF No. 46.) In short, Plaintiffs accuse remaining New York Defendant Integrated Recovery of forming a contractual relationship with a Colorado business to collect certain debts held by the latter, which Integrated Recovery did by making harassing phone calls from New York to Plaintiffs in Oklahoma. Because the record does not support continuous and systematic contacts with

Colorado, Plaintiffs now argue Integrated Recovery "would be subject to specific jurisdiction for a claim brought in Colorado arising out of and stemming from that contractual relationship."

But Plaintiffs' claims do not arise from that contract. For exercise of specific jurisdiction to be appropriate, the (1) defendant must "purposefully direct" its activities at residents of the forum, and (2) the litigation results from alleged injuries that "arise out of or relate to" those activities. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090–91 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). A favorable reading of the Amended Complaint shows that Integrated Recovery may have purposefully directed itself at the Colorado debt-holder, a fact which might be relevant if the Colorado entity was a plaintiff and, for example, suing to enforce some obligation contained within that contract. But whatever the nature of Integrated Recovery's agreement with that non-party, the mere fact of a contract—which in itself supplies no basis for any remaining cause of action—is wholly collateral to the independent torts Plaintiffs allege Integrated Recovery committed against them in *Oklahoma*. *See, e.g.*, *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 908 (10th Cir. 2017) ("In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.") (internal quotations omitted); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 930 n.6 (2011) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). It does not violate federal law to agree to assist in the collection of debt. Rather, federal law prohibits certain collection practices. Integrated Recovery is a defendant not for its status as a debt collector, or its assistance in the collection of debt, but for the alleged odious collection methods it employed in doing so—all of which flowed from New York to Oklahoma.

Under these circumstances, the Court lacks legal authority to enter a judgment arising out of tortious phone calls made entirely outside of—and never received in—Colorado. Therefore, for the foregoing reasons, the Court will not enter default judgment in favor of Plaintiffs. The claims in the Amended Complaint (ECF No. 15) against Defendants Integrated Recovery and Angela Kennedy are **DISMISSED** without prejudice.

DATED this 17th day of April, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge